IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| WHITE BUFFALO VENTURES, LLC. | § | |
| Plaintiff, | § | |
| | § | A03CA 296 SS |
| v. | § | CIVIL ACTION NO. _____ |
| | § | |
| THE UNIVERSITY OF TEXAS | § | |
| at AUSTIN | § | |
| Defendant | § | |

## NOTICE OF REMOVAL

NOW COMES Defendant, The University of Texas at Austin, and respectfully shows that:

1. This removal is pursuant to 28 U.S.C. § 1441(b). Plaintiff alleges that the University is violating his First Amendment constitutional rights by blocking his email advertising on the University's web mail server.

2. This action was originally filed in the 201st Judicial District Court of Travis County, Texas on May 9, 2003, in Cause No. GN301502. Plaintiff is White Buffalo Ventures, LLC. Defendant is The University of Texas at Austin. Venue is proper in the United States District Court for the Western District of Texas, Austin Division.

3. Plaintiff, operating as a limited liability company functioning as LonghornSingles.com, a singles dating service, alleges the University is violating his First Amendment free speech rights by blocking his advertising on the University web mail server. Plaintiff further alleges that the University is in violation of the Equal Protection clause of the Fourteenth Amendment.

4. Plaintiff did not requested a trial by jury within his original petition.

1

5. Plaintiff's allegations regarding the violation of his constitutional rights raise a federal question under the First and Fourteenth Amendments of the United States Constitution. Plaintiff also alleges unspecified violations of the laws of the State of Texas.

6. The pleading which alleges constitutional violations was served on Defendant on May 9, 2003. Defendant has thirty (30) days in which to remove. Therefore, this removal is timely. Defendant's Answer to Plaintiffs' Original Petition was filed in state court on May 12..

7. A true and correct copy of all process and pleadings served upon Defendant in the state court action is being filed with this notice as required by 28 U.S.C. § 1446(a). Also attached is a copy of the Travis County Docket Sheet.

ACCORDINGLY, Defendant prays that this cause be removed to the United States District Court for the Western District of Texas, Austin Division, pursuant to §1441 of Title 28 of the United States Code.

Respectfully submitted,

GREG ABBOTT
Attorney General of Texas

BARRY R. McBEE
First Assistant Attorney General

JEFFREY S. BOYD
Deputy Attorney General for Litigation

ROBERT B. O'KEEFE
Acting Chief, General Litigation Division

_____
CRAIG H. RUSSELL
Texas Bar No. 24029817
Attorney-in-Charge
Assistant Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120
(512) 320-0667 FAX

ATTORNEYS FOR DEFENDANT
University of Texas at Austin

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been sent via U.S. Mail on May 14, 2003, to:

Brad L. Armstrong, J.D.
206 Westwood Terrace
Austin, Texas 78746
*Plaintiff, Pro Se*

_____
Craig H. Russell
Assistant Attorney General

```
   {)Ec&k0S  {)Ec&a0L  {)Ec(s0B  {)Ec&l6D
CIV205                T R A V I S   C O U N T Y              MAY 13, 2003
DOCKET DETAIL      DISTRICT COURT MANAGEMENT SYSTEM            TIME: 10:44
                                                           REQ. CLERK: JL

CAUSE NUMBER  : GN301502
DST CLK STAT  : PENDING
ORIG. FILING  : 05/09/2003
TYPE OF SUIT  : OTHER CIVIL
COURT ASSIGN  : 201st District Court
JURY FEE PAID : NO
CT. ADM. STAT : ACTV


                       WHITE BUFFALO VENTURES, LLC.
                                    vs
                     THE UNIVERSITY OF TEXAS AS AUSTIN


         >>>>>>>>>>>    I N V O L V E D   P A R T I E S    <<<<<<<<<<

TYPE:
      >>>  PLAINTIFF
P01 : WHITE BUFFALO VENTURES, LLC.
PA01: BRAD L. ARMSTRONG                      BAR # 01311900
      206 WESTWOOD TERRACE                   AUSTIN   TX 78746

      >>>  DEFENDANT
D01 : THE UNIVERSITY OF TEXAS AS AUSTIN


         >>>>>>>>>>>    I S S U A N C E / S E R V I C E    <<<<<<<<<<

ISS/FILE   SRV/RTN    S   P   CLRK                                       SEQ
  DATE       DATE     B   B   INIT     DESCRIPTION OF SERVICE            NUM
======     ======     =   =   ====     ====================================

050903                        TF       Citation/Iss & Serv    (Precinct5) 001
                                       THE UNIVERSITY OF TEXAS AT AUSTIN BY SERVING
                                       PRESIDENT, MR. LARRY FAULKNER
                                       MAIN BLDG, ROOM 400
                                       AUSTIN, TX
                                       PLAINTIFF'S ORIGINAL PETITION FOR TEMPORARY
                                       RESTRAINING ORDER


            >>>>>>>>>>>       P L E A D I N G S       <<<<<<<<<<

FILED                 CLRK
 DATE                 INIT          DESCRIPTION OF PLEADINGS
======                ====          ====================================

050903                TF            Original Petition
```

Cause Number _____

| | | |
|---|---|---|
| WHITE BUFFALO VENTURES, LLC. | }{ | IN THE DISTRICT COURT |
| | }{ | |
| VS. | }{ | TRAVIS COUNTY, TEXAS |
| | }{ | |
| THE UNIVERSITY OF TEXAS AT AUSTIN | }{ }{ | ____ TH JUDICIAL DISTRICT |

PLAINTIFF'S ORIGINAL PETITION
FOR TEMPORARY RESTRAINING ORDER

NOW COMES, WHITE BUFFALO VENTURES, LLC., hereinafter sometimes referred to as Plaintiff makes and files this its original petition and request for temporary restraining order against THE UNIVERSITY OF TEXAS AT AUSTIN, hereinafter sometimes referred to as "UT" as follows:

I.

The Defendant, UT, is a Texas agency operating a public institution of higher education located in Austin, Travis County, Texas, and may be served with process by serving its President, Mr. Larry R. Faulkner, or it Vice President Daniel A. Updegrove, or it Vice President Patricia C. Ohlendorf at The University of Texas at Austin, Main Building, Room 400, in Austin, Travis County, Texas.

II.

Plaintiff is a limited liability company organized under laws of the state of Texas. Plaintiff operates several online dating services including www.LonghornSingles.com. On or about the 26th day of December, 2002, Plaintiff launched LonghornSingles.com on the world-wide web. LonghornSingles.com has more than 2900 registrants and over 50 subscribers paying a recurring monthly fee for its service. Many of these non-paying registrants and paying subscribers to LonghornSingles.com have email addresses ending

1

with "utexas.edu" and/or access the site from their on-campus internet connections provided, in whole or in part, at taxpayer expense, and at little or usually no charge to the user. Of course, UT employees pay nothing for their email and internet connections.

On or about February 21, 2003, Plaintiff made a Public Information Act request of UT for all "non-confidential, non-exempt email addresses" held electronically by UT. The public opt-in data received and maintained by UT was delivered to White Buffalo by UT by the end of April, 2003. The information, including email addresses, provided by students, staff, faculty and some former students is available to the public on various UT web sites and in its electronic directory. Nothing about the data provided by UT is confidential or exempt AND pursuant to the Family Educational Rights and Privacy Act, UT is required to maintain this public information of its students and disclose this information upon proper request in order to allow access to students for identification and communication purposes. All students have had the opportunity "opt out" of this directory and to "hide" their contact information and had they done so, UT would not have disclosed their information. Additionally, pursuant to the Texas Public Information Act, UT disclosed all "non-confidential, non-exempt" email addresses of its staff and faculty pursuant to their status as state employees.

On or about April 28th, 2003, White Buffalo began sending targeted advertising to members of the UT community making the recipients aware of the the availability of LonghornSingles.com. These messages were not sent "in bulk" but rather "serially, one-at–a-time." Recipients were given the ability to "unsubscribe" and thereby guarantee that they would receive no further messages from LonghornSingles.com and some number of recipients did unsubscribe and have not received any additional messages   Many

2

recipients of these messages have registered, subscribed and contracted with LonghornSingles.com and have authorized recurring monthly credit card charges and periodic email updates from LonghornSingles.com.

On or about May 4, 2003, Mr. Daniel Updegrove, Vice President for Information Technology at UT, sent an email to the webmaster at LonghornSingles.com expressing his displeasure about LonghornSingles.com advertising its service to the Longhorn community. A number of emails were exchanged between Mr. Updegrove and White Buffalo's CEO, Brad Armstrong. Even though Mr. Armstrong made several requests for a meeting to discuss Mr. Updegrove's objection to his business, Mr. Updegrove refused to accept those invitations to meet.

On or about May 5, 2003, without any prior warning or notice to White Buffalo, and in violation of the laws of The State of Texas, the laws of The United States of America and The Constitution of the United States of America, UT blocked all incoming and outgoing contact between LonghornSingles.com and UT users including LonghornSingles.com's paid and paying subscribers, unpaid registrants and potential customers and White Buffalo is suffering irreparable injury thereby. White Buffalo is now unable to contact its customers IN ANY WAY, to let them know about this dispute, to give them a free extension on their accounts, or to mitigate its damages in any way. The only conduit Plaintiff has for contacting its customers is the email address the customer provided upon registration. The reputation of LonghornSingle.com is being disparaged every moment that its customers cannot access its site and as word spreads about LonghornSingles.com being "off-line" fewer and fewer potential customers will be willing to subscribe to LonghornSingles.com's service now and in the future

3

In blocking ALL communications between Plaintiff and Plaintiff's existing customers and potential customers UT has tortiously interfered with the contractual relationship between Plaintiff and existing customers with "utexas.edu" email addresses and UT has abridged Plaintiff's Freedom of Speech as guaranteed by the First Amendment to The Constitution of the United States of America. Additionally, since other businesses are sending unblocked advertising messages through UT's mail server, by blocking LonghornSingles.com, UT is in violation of the Equal Protection clause of the 14th Amendment to The Constitution of the United States of America. UT has apparently made the arbitrary decision that LonghornSingles.com is not "an appropriate business use" for UT students, staff and faculty. The Family Educational Rights and Privacy Act (FERPA) requires that institutional of higher education maintain student information, "that would make the student's identity easily traceable," and to disclose that information if properly requested. Email addresses were delivered to Plaintiff by UT consistent with this Act and Plaintiff has used this data in an appropriate way. Nothing about Plaintiff's actions have burdened or in any other way negatively impacted the operations of UT's Information Technologies Systems.

III.

White Buffalo requests that this honorable court issue a Temporary Restraining Order against UT ordering UT to immediately cease and desist blocking LonghornSingles.com from contacting and doing business with individuals on UT's system and to cease and desist blocking UT system users from accessing and doing business with LonghornSingles.com through UT's internet portal. If a temporary restraining order is not granted, White Buffalo will suffer immediate and irreparable

injury. LonghornSingles.com's reputation has been damaged and will continue to be more and more severely damaged. White Buffalo will be exposed to possible claims and charge backs from its subscribers and LonghornSingles.com will be utterly destroyed. Future profits are difficult to calculate and money damages will never fully compensate White Buffalo for destruction of its business. UT will not suffer from the granting of a temporary restraining order. Upon final hearing a permanent injunction against UT will be appropriate under the facts and law of this case.

IV.

All conditions precedent to this action have been performed. Notice has been given by phone and email of this petition to UT and they have been given the opportunity to participate in the TRO hearing process.

V.

A small bond is appropriate. UT will not suffer any damages from a temporary restraining order.

VI.

Plaintiff requests that Defendant be cited to appear and answer, and that on final hearing, Plaintiff have judgment against Defendant for:

> 1. Temporary restraining order, temporary injunction and permanent injunction requiring UT to immediately and permanently unblock LonghornSingles.com from its information technology system.
>
> 2. Economic damages within the jurisdictional limits of this court.
>
> 3. Additional punitive damages within the jurisdictional limits of this court.
>
> 3. Pre-judgment and post-judgment interest.
>
> 4 Attorney fees at all levels of the legal process

5

5. Costs of this suit.

6. Any other relief the court finds proper.

Respectfully submitted,

PLAINTIFF

_____
Brad L. Armstrong, J.D
State Bar ID No. 01311900
206 Westwood Terrace
Austin, Texas 78746
(512)328-5875
E-mail: brad@bradarmstrong.com

Cause Number _____

| | | |
|---|---|---|
| WHITE BUFFALO VENTURES, LLC. | }{ | IN THE DISTRICT COURT |
| | }{ | |
| VS. | }{ | TRAVIS COUNTY, TEXAS |
| | }{ | |
| THE UNIVERSITY OF TEXAS | }{ | |
| AT AUSTIN | }{ | ___TH JUDICIAL DISTRICT |

## AFFIDAVIT OF BRAD L. ARMSTRONG

STATE OF TEXAS
COUNTY OF TRAVIS

BEFORE ME, the undersigned authority, on this day personally appeared Brad L. Armstrong, being known to me, who after being sworn, did state under oath, as follows:

I am over 18 years of age and fully competent to testify. I am the chief executive officer of White Buffalo Ventures, LLC. and have personal knowledge of everything stated in this affidavit. Every factual statement in the attached Plaintiff's Original Petition and Application for Temporary Restraining Order against The University of Texas at Austin is true to the best of my personal knowledge, information and belief.

_____
Brad L. Armstrong

SUBSCRIBED AND SWORN TO BEFORE ME, on this 9th day of May, 2003, to certify which witness my hand and official seal.

_____
Notary Public in and for the
State of Texas

MARY ANN CARMONA
Notary Public, State of Texas
My Commission Expires
AUG. 25, 2004

7

Cause Number _____

| | | |
|---|---|---|
| WHITE BUFFALO VENTURES, LLC. | }{ | IN THE DISTRICT COURT |
| | }{ | |
| VS. | }{ | TRAVIS COUNTY, TEXAS |
| | }{ | |
| THE UNIVERSITY OF TEXAS | }{ | |
| AT AUSTIN | }{ | ___TH JUDICIAL DISTRICT |

## TEMPORARY RESTRAINING ORDER

The court finds that it should grant a Temporary Restraining Order and that imminent, serious and irreparable injury exists for the following reasons: If UT is allowing to continue blocking its users from communicating with LonghornSingles.com, Plaintiff will lose customers, lose potential customers, suffer irreparable damage to its trademark, reputation and future growth potential and Plaintiff will not be able to communicate with its registrants as it has no other contact information other than email addresses. Further, absent this TRO, LonghornSingles.com will be effectively and irreparably destroyed. Any monetary relief will not be as full, complete or satisfactory relief.

The court finds that the balancing of interests supports issuance of this Temporary Restraining Order. Little or no damage will occur to UT from the granting of this Temporary Restraining Order. The court finds that a sufficient probability of success on the merits exists.

The University of Texas at Austin is enjoined from blocking internet access between University of Texas internet or email users and www.LonghornSingles.com.

This Temporary Restraining Order shall remain effective until the hearing on Temporary Injunction but no longer than 14 days absent an extension by agreement or for good cause found by the Court. This Temporary Restraining Order shall bind all parties,

8

officers, agents, servants, employees, and attorneys, and all those in active concert or participation with them who receive actual notice of this order by personal service or otherwise.

The court finds that sufficient time does not exist for hearing with notice. An immediate hearing with notice on Application for Temporary Injunction is set below.

The court finds that a $100 bond conforms with the requirements of the Rules.

This matter is set for hearing on temporary injunction on the ____ day of May, 2003, at ___:___ __m. absent an agreed extension of the TRO or further Order of this court.

      SIGNED ON THIS ____ DAY OF MAY, 2003, AT __:__ __.M.


      _____
      Judge Presiding

Cause Number _____

| | | |
|---|---|---|
| WHITE BUFFALO VENTURES, LLC. | }{ | IN THE DISTRICT COURT |
| | }{ | |
| VS. | }{ | TRAVIS COUNTY, TEXAS |
| | }{ | |
| THE UNIVERSITY OF TEXAS | }{ | |
| AT AUSTIN | }{ | ___TH JUDICIAL DISTRICT |

## BOND

White Buffalo Ventures, LLC. makes this bond payable to Defendants in the amount of $_____, conditioned that White Buffalo Ventures, LLC. will abide by the decision which may be made in this cause, and that it will pay all sums of money and costs that may be adjudged against it if the Temporary Restraining Order of Temporary Injunction shall be dissolved in whole or in part.

DATED THIS _____ DAY OF MAY, 2003.


_____
White Buffalo Ventures, LLC. by and through
Its Chief Executive Officer, Brad L. Armstrong


_____, Surety


_____
Accepted: Travis County District Clerk
Deputy Clerk:_____

10

CAUSE NO. GN 301502

| | | |
|---|---|---|
| WHITE BUFFALO VENTURES, LLC., <br> *Plaintiff*, | § <br> § <br> § | IN THE DISTRICT COURT OF |
| v. | § <br> § | TRAVIS COUNTY, TEXAS |
| THE UNIVERSITY OF TEXAS, <br> AT AUSTIN, <br> *Defendant*. | § <br> § <br> § | 201ST JUDICIAL DISTRICT |

## DEFENDANT'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Defendant, THE UNIVERSITY OF TEXAS AT AUSTIN ("UT") represented by and through Greg Abbott, Attorney General of the State of Texas, and the undersigned Assistant Attorney General, and files its Original Answer to Plaintiff's Original Petition For Temporary Restraining Order. Defendant would respectfully show the Court the following:

### I. ORIGINAL ANSWER

Defendant generally denies each and every material allegation contained in Plaintiff's Original Petition For Temporary Restraining Order and demands strict proof thereof pursuant to the Texas Rules of Civil Procedure.

WHEREFORE, Defendant prays that Plaintiff take nothing by his suit and that Defendant recovers all such other and further relief, special or general, at law or in equity, to which it shows itself justly entitled, including but not limited to its costs incurred herein.

Respectfully submitted,

GREG ABBOTT
Attorney General of Texas

BARRY R. McBEE
First Assistant Attorney General

JEFFREY S. BOYD
Deputy Attorney General for Litigation

ROBERT B. O'KEEFE
Acting Chief, General Litigation Division

_____
CRAIG H. RUSSELL
Texas Bar No. 24029817
Attorney-in-Charge
Assistant Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120
(512) 320-0667 FAX

ATTORNEYS FOR DEFENDANT
University of Texas at Austin

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was served *via first class certified U.S. Mail, return receipt requested*, on this the 12th day of May, 2003, on:

Brad L. Armstrong, J.D.
206 Westwood Terrace
Austin, Texas 78746
*Plaintiff, Pro Se*

_____
CRAIG H. RUSSELL
Assistant Attorney General

White- Defendant's Original Answer                3